UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHARLES HENRY COMSTOCK,                    Case No. DT 08-02934
                                           Chapter 7
        Debtor.                            Hon. Scott W. Dales

_____/

## MEMORANDUM OF DECISION

This matter came before the court on May 22, 2008 after the Debtor Charles H. Comstock ("Debtor") objected to the Trustee's notice of intent to pay the Debtor's former spouse in conformance with the confirmed Chapter 13 plan.

On the record, the parties and the court discussed the court's jurisdiction, given the historical role of the state courts in probate and family law matters. The court has considered its jurisdiction, and finds that it has the power to construe the Chapter 13 plan and consider claim objections. Such matters fall within the court's core jurisdiction. See 28 U.S.C. § 1334(a); id. § 157(b)(2)(B) and (L) & (O).

Under the confirmed Chapter 13 Plan (DN 10, the "Plan"), the Debtor agreed to pay Ms. Comstock $10,500 to satisfy a divorce-related property settlement. According to the Debtor, Ms. Comstock has since passed away. In view of her death, the Debtor contends that the court should permit him to cease making monthly payments to her or on her account.

Although the Debtor might have a stronger argument if his debt to Ms. Comstock were properly characterized as a domestic support obligation rather than as a property settlement, neither the Debtor's objection nor the confirmed Plan characterize the

decedent's claim as support. <u>See</u> Chapter 13 Plan filed by Debtor Charles Henry Comstock (DN 10); Notice of Debtor's Objection to Claim #002-0 Filed by Lisa M. Comstock (DN 68). Rather, Section 2C of the Plan unambiguously defines the obligation as in the nature of a property settlement rather than a domestic support obligation. The Debtor has offered no authority supporting his argument that Ms. Comstock's death extinguished her property settlement rights. It appears to the court that the creditors, heirs or other beneficiaries of Ms. Comstock's estate are presumptively entitled to recover from the Debtor's estate under the confirmed Plan and applicable law. Because the Debtor is bound by the provisions of his Plan under 11 U.S.C. § 1327(a), and has offered no persuasive authority to extinguish the claim under review, the court must overrule the Debtor's objection.

The court will enter a separate order overruling the Debtor's objection, as Fed. R. Bankr. P. 9021 requires.

Date: May 27, 2009

Scott W. Dales
United States Bankruptcy Judge